### T. W. LOVETT v. W. J. ZEISS.

Decided December 22, 1910.

**1.—Practice on Appeal—Diminution of Record—Substitution.**

In the absence of consent by appellee, a Court of Civil Appeals will not grant a motion to incorporate in the record after it is filed in said court, a copy of the original assignments of error which by some mischance, error or mistake became misplaced or lost and was not incorporated in the record when prepared by the clerk of the lower court. In such case such substitution can only be had in the trial court.

**2.—Practice in Trial Court—Substitution.**

In a proceeding in a trial court to substitute an assignment of errors which had been lost and therefore not incorporated in the record when prepared for appeal, it must be established that the copy offered is a substantially correct copy of the original, and that the original was filed in the trial court within the time required by law.

Appeal from the District Court of Liberty County.

*J. F. Dabney,* for appellant.

*H. E. Marshall,* for appellee.

REESE, ASSOCIATE JUSTICE (*on motion to correct transcript*).— Appellant files this motion to correct the record by filing in this court a certified copy of an assignment of errors that was filed in the trial court December 20, 1910, some months after the record, without any assignment of errors, was filed in this court. It is set out in the motion

that, before taking out the record for filing in this court, appellant filed with the district clerk his assignment of errors in words and terms substantially as contained in the assignments of error presented with his motion, but by some mischance, error or mistake the same became misplaced or lost and was not incorporated in the record. The clerk certifies that the paper attached to the motion is a true copy of the assignment of errors filed in his office by appellant December 20, 1910.

Appellant's motion is really to have this court substitute the paper attached to the motion for the original assignment of errors, of which it is alleged to be a copy, and which is alleged to have been lost or misplaced. This substitution can only be had in the trial court unless it is agreed by appellee that the paper may be considered as part of the record in this court. In order to authorize such substitution in the trial court · it must be established that the copy offered is a substantially correct copy of the original, and that the original was filed in the trial court within the time required by law. This court can not pass upon these issues of fact. (Arts. 1498-1501.)

Counsel for appellee simply says in accepting service of the motion that he does not know anything about the matters alleged. The district clerk in his certificate throws some doubt upon the filing of any assignment of errors before the transcript was taken out. The motion must be overruled.

*Overruled.*