# FEBRUARY, 1914

---

FIRST STATE BANK OF ARCHER CITY ET AL. v. F. M. POWER.

No. 2628.     Decided February 4, 1914.

Certified Question—Jurisdiction of Supreme Court—Substantive Law.

Where the Supreme Court has jurisdiction only on the ground that the appellate court has erroneously declared the substantive law of the case (Rev. Stats., arts. 1521, 1522, as amended by Act of March 28, 1913, Laws, 33d Leg., p. 107) the question must be brought before it by application for writ of error. It can not be certified by the Court of Civil Appeals. (P. 211.)

Question certified by the Court of Civil Appeals, Second District, in an appeal from Archer County.

The appellate court, which had not passed on the case, certified the question of substantive law involved (the construction of a written contract as to the personal liability of appellants thereon) as being one on which the judges of that court were unable to agree.

*A. A. Hughes,* for appellants.

*W. E. Forgy* and *Carrigan, Montgomery & Britain,* for appellee.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

As amended by chapter 55, Acts of Regular Session of the Thirty-third Legislature of Texas, page 107, of laws, articles 1521 and 1522, Revised Statutes, were amended so as to read as follows:

"Art. 1521. The Supreme Court shall have appellate jurisdiction coextensive with the limits of the State, which shall extend to questions of law arising in civil causes in the Courts of Civil Appeals in the following cases when same have been brought to the Courts of Civil Appeals by writ of error, or appeal, from final judgments of the trial courts:

"1. Those in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision.

"2. Those in which one of the Courts of Civil Appeals holds differently from a prior decision of its own, or of another Court of Civil Appeals, or of the Supreme Court upon any such question of law.

"3. Those involving the validity of statutes.

"4. Those involving the revenue laws of the State.

"5. Those in which the Railroad Commission is a party.

"6. Those in which, by proper application for writ of error it is made to appear that the Court of Civil Appeals has, in the opinion of the Supreme Court, erroneously declared the substantive law of the case, in which case the Supreme Court shall take jurisdiction for the purpose of correcting such error.

"Art. 1522. All causes mentioned in article 1521 may be carried to the Supreme Court either by writ of error or by certificate from the Court of Civil Appeals as elsewhere provided, except those mentioned in subdivision 6, which must be presented by application for writ of error."

This court has jurisdiction by certified question in no case except it be embraced in one of the first five subdivisions of article 1521. In this case there is no disagreement of the judges; no conflict of opinion is shown to exist between the opinion of the court certifying and any other court. Neither is the validity of any statute nor the revenue laws of the State involved. The Railroad Commission is not a party. The certificate presents a case in which "the substantive law" of that case is involved. Such question can not be certified, it "must be presented by application for writ of error." The statute is so plain and peremptory that no argument could aid in the application. Lest we be misunderstood, we will say that we do not intend by this statement to hold

that a question embraced in one of the first five subdivisions in article
1521 could not be certified as to such question because a question of
substantive law was embraced in the same decision.

*Certificate dismissed.*