WILLIAMS et al. v. ABILENE INDEPENDENT TELEPHONE & TELEGRAPH CO. (No. 7905.)

(Court of Civil Appeals of Texas. Ft. Worth. March 28, 1914. On Rehearing, May 23, 1914.)

1. JUDGMENT (§ 419*)—INJUNCTION—PARTIES.

An employé of plaintiff herein, the "Abilene Independent Telephone & Telegraph Company," filed a suit for injury against the "Abilene Independent Telephone Company," and citation, duly issued on this petition, was served on plaintiff by delivering a true copy to its local manager. The employé intended to sue plaintiff, and plaintiff knew that service was intended for it, and though it suggested that the employé had not correctly stated its name and declined to answer, it made no timely objection, and a default judgment was entered against the "Abilene Independent Telephone Company." *Held,* that plaintiff could not enjoin an enforcement of such judgment on the ground that it was not a party thereto.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 794; Dec. Dig. § 419.*]

2. JUDGMENT (§ 502*)—VALIDITY—NAME OF PARTY.

A person erroneously sued by an improper name is bound by the judgment rendered until vacated or set aside by some legal method; the proper method being to raise the question by a plea in abatement.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 942; Dec. Dig. § 502.*]

On Rehearing.

3. COURTS (§ 247*)—SUPREME COURT—JURISDICTION—CERTIFIED QUESTION.

Under Rev. Civ. St. 1911, art. 1521, as amended by Acts 33d Leg. c. 55, to give the Supreme Court appellate jurisdiction of questions of law arising in the Courts of Civil Appeals when brought to such courts from final judgments of trial courts in cases involving certain specified matters, and article 1522, declaring that all cases mentioned in article 1521 may be carried to the Supreme Court by writ of error or certificate of a Court of Civil Appeals, except matters covered by subdivision 6, which must be presented by writ of error, the Supreme Court's jurisdiction by certified question is limited to matters embraced in article 1521, subds. 1–5, and a case involving only substantive law cannot be certified.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 749, 751–754, 757, 759, 760, 762–764; Dec. Dig. § 247.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action for injunction by the Abilene Independent Telephone & Telegraph Company against John Williams and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered in favor of defendants.

Scarborough & Hickman, of Abilene, for appellants. Ben L. Cox, of Abilene, for appellee.

SPEER, J. This proceeding was instituted by the Abilene Independent Telephone & Telegraph Company to enjoin the collection of a judgment in cause No. 3085 of the district court of Taylor county upon the ground that complainant was not a party to said judgment, and that the defendant Williams, who was plaintiff in the judgment sought to be enjoined, and the other defendant Weir, as sheriff of Taylor county, were nevertheless threatening to collect the same from the petitioner. The trial court gave a peremptory instruction to the jury to find for the plaintiff, and the defendants have appealed.

[1] The undisputed facts show, so far as material, that appellant, John Williams, who will hereafter be referred to as appellant, received certain injuries while in the employ of appellee, for which he filed a suit No. 3085 in the district court of Taylor county, complaining of the Abilene Independent Telephone Company, and citation was duly issued on said petition, and duly served upon appellee by delivering a true copy thereof to Gus Klotz, its local manager. The case was returnable to the March term of said court, 1913, and appellee through its counsel suggested that appellant had failed correctly to state its name and declined to answer. Thereupon appellant took a judgment by default against the Abilene Independent Telephone Company. The appellee is a foreign corporation, but such fact was not alleged in appellant's original petition in cause No. 3085, it being there alleged generally that the defendant was a corporation duly incorporated. The undisputed evidence in this case shows that appellant intended to sue appellee in cause No. 3085, and that the appellee knew that service was intended for it in said cause. Upon these facts we think the trial court should have instructed a verdict in favor of appellants. It is not a question of whether or not the judgment in cause No. 3085 is void, for there is nothing upon which to base such a contention. The judgment, which is a default judgment, recites service on the defendant, and the judgment, therefore, against the Abilene Independent Telephone Company is a perfectly valid one. The only question is, Was appellee a party to that suit, or, in other words, is "The Abilene Independent Telephone Company" merely an erroneous designation of "The Abilene Independent Telephone & Telegraph Company"?

[2] The authorities seem to be practically uniform to the effect that a person erroneously sued by an improper name is nevertheless effectually bound by the judgment rendered until vacated or set aside in some of the ways known to the law. The proper method seems to be to raise the question by a plea in abatement. Tryon v. Butler, 9 Tex. 553; McGhee v. Romatka, 92 Tex. 38, 45 S. W. 552; Ins. Co. v. French, 18 How. 404, 15 L. Ed. 451.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appellee relies much on the cases of So. Pac. Co. v. Block, 84 Tex. 21, 19 S. W. 300, and Bickford v. Refugio Land & Irr. Co. (Civ. App.) 143 S. W. 1188. But as we construe those cases and others following them, no question is made as to the identity of the complaining party with the party actually sued. In each case the names were different, thereby implying separate identities, and there was nothing in the facts to show otherwise. Here, as already stated, the facts are undisputed that appellant intended to sue appellee, actually served it through its local manager, and the appellee knew that fact, and was therefore not deceived. In such a case we think it would be a travesty on justice to hold that appellee was not in fact sued. There is no magic in a name, and while appellee would have the right no doubt by a timely objection to be sued in its right name, yet when actually sued in any other name and consciously given an opportunity to be heard, there is no just reason for saying it is not bound by the judgment rendered in such a proceeding. To hold otherwise would be to accept the shadow and reject the substance, and to heed the form rather than the essence of the law.

There is much evidence in the record tending to show that appellee was commonly known in the neighborhood under the name of "Abilene Independent Telephone Company," but we have not based our decision upon this testimony further than to consider it in connection with the established fact that appellant intended to sue appellee and appellee so understood.

Reversed and rendered in favor of appellants.

CONNER, C. J., not sitting.

## On Rehearing.

SPEER, J. [3] We have carefully considered appellee's motion for a rehearing, and have concluded to overrule the same, adhering to the views expressed by us in the original opinion. In this connection, however, it is proper to say that appellee has filed in connection with its motion for a rehearing a certified copy of plaintiff's first amended original petition in the case of Bickford v. Refugio Land & Irri. Co. (Civ. App.) 143 S. W. 1188, cited by us in the original opinion, and by this certified copy it is made to appear that the plaintiff in that case did allege a mistake in the original petition, and that the defendant then sued was the defendant intended to be sued in the first place, so that the distinction attempted to be drawn by us with respect to the So. Pac. Ry. Co. v. Block and the Bickford v. Refugio Land & Irri. Company Cases does not obtain as to the latter case. We think, however, the decision in this case misconstrues the holding in the So. Pac. Ry. Co. v. Block Case, and that in that case no question of identity was made. We would gladly certify the question rather than consciously to conflict with another decision of a Court of Civil Appeals; but, under the interpretation given by our Supreme Court to the recent act of the Legislature affecting jurisdictions (First State Bank of Archer City v. F. M. Power, 163 S. W. 581), we are powerless to pursue this course.

The motion for rehearing is therefore overruled.