BROWNE GRAIN CO. et al. v. FARMERS' & MERCHANTS' NAT. BANK OF ABILENE et al. (No. 8072.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 9, 1915. Rehearing Denied Feb. 13, 1915.)

1. APPEAL AND ERROR ⬙659 — CERTIORARI TO PERFECT RECORD — PAPERS MISSING IN LOWER COURT.

Under Rev. St. 1911, arts. 2157–2163, providing for the substitution of lost papers and records on motion, such motion can only be made in the trial court, unless it is agreed to by the adverse party, and is available where the lost papers, pleadings, etc., are in existence and on file in the court below, and a writ of certiorari would require the clerk thereof to send them up, but is not available where such papers, etc., are missing in the court below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2834–2843; Dec. Dig. ⬙ 659.]

2. JUDGMENT ⬙18—REQUISITES—PLEADING TO SUSTAIN.

Where the record contained no pleadings to sustain a judgment for defendant against his codefendants for the amount he might be required to pay under the judgment against him, and in favor of plaintiff in the court below, such judgment was reversible error.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 34–37; Dec. Dig. ⬙18.]

3. JUDGMENT ⬙18—PARTIES—MISNOMER.

In an action against a defendant named in the petition as "C. B. B.," where service was had on "C. V. B." (the correct middle initial), there was no error in disregarding the misnomer and rendering judgment against C. V. B.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 34–37; Dec. Dig. ⬙18.]

4. ASSIGNMENTS ⬙131—ACTION—PLEADING —ALLEGATION OF ASSIGNMENT.

A petition in an action against a copartnership, and alleging that L. sold the firm a car of grain and drew a draft for the price in favor of plaintiff bank, and guaranteed the amount of the draft, and that plaintiff gave him credit for the amount thereof, did not sufficiently allege L.'s assignment of the debt, so as to constitute the bank the real owner as against the firm.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 220–226; Dec. Dig. ⬙131.]

Error from Taylor County Court; E. M. Overshiner, Judge.

Action by the Farmers' & Merchants' National Bank of Abilene against the Browne Grain Company, W. L. Lilly, and another. Judgment for plaintiff against the Browne Grain Company and against C. V. Browne and another, and against W. L. Lilly, with judgment for Lilly over against the Browne Grain Company, and the Browne Grain Company and others bring error. Reversed and remanded.

Cunningham & Oliver, of Abilene, for plaintiffs in error. Kirby & Davidson, of Abilene, for defendants in error.

BUCK, J. The Farmers' & Merchants' National Bank of Abilene, Tex., brought this suit in the county court of Taylor county against W. L. Lilly, the Collin County National Bank, and the Browne Grain Company, a copartnership, alleged in the petition to be composed of C. B. Browne and E. P. Browne, alleging, in substance, that defendant in error Lilly, residing in Taylor county, sold to Browne Grain Company, domiciled in Collin county, a car of grain; that Lilly drew a draft for the purchase price of said car of grain in favor of the plaintiff bank for the purchase price, $289.70; and that Lilly guaranteed to plaintiff the amount of said draft, and that plaintiff gave Lilly credit for the amount thereof, and that Lilly had not repaid any part thereof. It was further alleged that said draft was forwarded to the Collin County National Bank for collection, and an allegation of negligence on the part of said defendant bank in failing to collect said draft or protest the same was made as a basis for the claim against said bank, but as, on the trial, suit as to the Collin County National Bank was dismissed, that feature of the case is not involved in this appeal. From a judgment by default in favor of plaintiff and against the Browne Grain Company, and also against C. V. Browne and E. P. Browne and W. L. Lilly, and in favor of Lilly over against the plaintiffs in error, for the amount of the draft with interest, this writ of error was prosecuted.

[1] The transcript contains no pleadings by defendant in error, W. L. Lilly, but merely his waiver of citation and acceptance of service. Defendants in error have filed in this court a motion "to substitute lost papers and for certiorari to perfect record." In support of this motion are affidavits by the trial court, by the attorney for defendants in er-

---

ror, and by W. L. Lilly, reciting, in substance, that according to their best recollection there was filed in the trial court, prior to the rendition of the judgment, a cross-plea by W. L. Lilly, one of the defendants in error, which would have sustained that portion of the judgment rendered in which a recovery was awarded Lilly over against plaintiffs in error, but that the clerk and others have made diligent search therefor and cannot find the same. They attach to said motion pleadings, which they claim to be a substantial copy of the lost or missing pleadings, and also an instrument which, it is claimed, is a substantial copy of the service of citation, and pray that such pleading and process be substituted in the record, and that this court consider the same as a part of the record.

A motion of this nature can only be made in the trial court, unless it is agreed to by the adverse party. If such pleadings and service were in existence and on file in the court below, a writ of certiorari by this court would be available to require the clerk of the trial court to send them up for the inspection of this court, but not where the part of the record desired to be supplied is missing in the court below. Therefore defendant in error's motion must be overruled. Rev. Civ. Stat. 1911, arts. 2157–2163; Lovett v. Zeiss, 133 S. W. 497; Ross v. McGowen, 58 Tex. 603; Railway v. Peery, 27 S. W. 751.

[2] Hence, because the record before us fails to show any pleadings to sustain the judgment in favor of defendant in error, Lilly, for such amount as he has been, or may be, required to pay by virtue of the judgment against him and in favor of plaintiff in the court below, plaintiff in error's fourth and fifth assignments must be sustained.

[3] In view of another trial, it might be well to state that we do not think the trial court erred in disregarding the alleged misnomer as to one of the copartners constituting the Browne Grain Company. The name appears in the petition as C. B. Browne, while service was had on C. V. Browne (the correct middle initial) and the judgment was rendered against C. V. Browne. Williams et al. v. Abilene Independent Telegraph & Telephone Co., 168 S. W. 402, and cases there cited; McKay v. Speak, 8 Tex. 376; Cummings v. Rice, 9 Tex. 527.

[4] Furthermore, we question whether plaintiff's petition in the court below sufficiently alleges an assignment by Lilly of the debt claimed to be due to said Lilly by Browne Grain Company to constitute the plaintiff bank the real owner of the claim against the grain company. Ucovich v. Bank, 138 S. W. 1103; House v. Kountze, 17 Tex. Civ. App. 402, 43 S. W. 561; Terry v. Dale, 27 Tex. Civ. App. 1, 65 S. W. 51, 396; Gamer v. Thomson, 35 Tex. Civ. App. 283, 79 S. W. 1083.

For the reasons given, the judgment of the trial court is hereby reversed, and the cause remanded.

---

&#8469;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes