

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. Tom Seay
County Attorney
Potter County
Amarillo, Texas

Dear Sir:

Opinion No. O-3438
Re: Whether the forthcoming election
for United States Senator will be a
special or general election within the
meaning of that term as used in the
Terrell Election Law, the Texas Liquor
Control Act and other statutes.

We have given careful consideration to the above de-
scribed question presented to us in your letter of April 18.
We wish to thank you for the excellent citation of authorities
relating to this question submitted in your letter, together
with your discussion thereof.

The forthcoming election for United States Senator
to fill the vacancy in that office is provided for by the fol-
lowing provision contained in the 17th Amendment to the Federal
Constitution:

"When vacancies happen in the representation
of any State in the Senate, the executive authority
of such State shall issue writs of election to fill
such vacancies. . . ."

This amendment was adopted in 1913 and in conformity
therewith the Legislature of Texas at the first called session
of the same year enacted a law which now appears as Chapter 12
of Title 30, Articles 3086-3099, inclusive, Revised Civil Stat-
utes of Texas, 1925, which provides the procedure for filling
vacancies in the office of the United States Senator from Texas.
Article 3097 contained in Chapter 11, Title 50, Revised Civil
Statutes of Texas, 1925, describes the type of election to be
held on June 28, 1941, as a "special" election in the following
language:

"Any person desiring to have his name appear upon
the official ballot as a candidate for United States
Senator at any special election held for the purpose
of filling a vacancy in the United States Senate, when
no party primary is held, may do so by presenting his
application to the Secretary of State which shall set
forth: . . . ."

The general rules governing the conduct of all elections were enacted by statute passed by the first called session in 1905 commonly referred to as the Terrell Election Law, which law as subsequently amended from time to time is now embodied in Title 50, Articles 2923 et seq., Revised Civil Statutes, 1925. The Texas Supreme Court in Beane v. Waples, 108 Texas 140, 187 S.W. 191, held that the Terrell Election Law of 1905 and the statute providing for the election of Senators enacted in 1913, which was compiled in 1925 as Articles 3086-3099, inclusive, should be construed together. In this case, the court speaking through Mr. Justice Hawkins, at p. 148, with reference to these statutes, declared:

> "Because those two statutes deal with the one general subject of party primaries for the making of party nominations, and are, therefore, essentially cognate, and because, obviously, the latter was intended to supplement the former, thereby completing one general scheme of legislation upon a particular subject, and because the latter statute presents strong and conclusive intrinsic evidence of a legislative purpose and intent that, in so far as their phraseology will permit, the two statutes are to be treated, construed, applied and enforced as one, we regard it as too plain for argument that, accordingly, said two statutes should be read and construed together. Certainly they are statutes in pari materia, and in their interpretation the settled rules of statutory construction which are applicable in such instances should prevail."

The court in the Beane v. Waples case reached this conclusion in part upon Section 3 of the 1913 Act, which appears as Article 3088, Revised Civil Statutes, 1925, and reads as follows:

> "Art. 3088. Every law regulating or in any manner governing elections or the holding of primaries in this State shall be held to apply to each election or nomination of a candidate for a United States Senator so long as they are not in conflict with the Constitution of the United States or of any law of statute enacted by the Congress of the United States regulating the election of United States Senators or the provisions of this law. The returns from any election held for United States Senator shall be made, the result ascertained and declared, a certificate of election issued, as provided for the election of representatives in Congress, by this title."

In 1925 the Terrell Election law and the Senatorial Election Law were both codified in Title 50, R.C.S., 1925, which provides an additional reason why these two laws should be construed together and their various provisions reconciled.

The opinions in Wallis v. Williams, by the Supreme Court, 101 Tex. 395, 108 S.W. 153, and Scherz v. Telfer by the Austin Court of Civil Appeals, 74 S.W. (2d) 327, announce certain criteria to distinguish between "general" and "special" elections. We believe, however, that these criteria have no application in the present instance where the Legislature has in Article 3097, supra, expressly declared an election of the type here under consideration to be a special election.

You specifically ask our opinion as to the application of the question of whether this is a special or a general election to Article 2938, Revised Civil Statutes, 1925, and the provisions of the Texas Liquor Control Act relating to the sale of liquor and beer on election day.

Article 2937, R.C.S. prescribes that in voting precincts having less than one hundred qualified voters, there shall be two election judges and two clerks. Article 2938 provides for four election judges and four clerks in precincts having one hundred or more qualified voters, but contains the following exception:

"Provided, that in all elections held under the provisions of this title, other than general elections, local option elections and primary elections, the officers to be appointed by the commissioners court to hold said elections shall be a presiding judge, and assistant judge and two clerks, . . . "

Since the election under consideration cannot be classified as a general election, local option election, or primary election, we believe that this proviso applies in the instant case so that it is our opinion that only two election judges and two clerks are required in all precincts to conduct the forthcoming senatorial election.

The Texas Liquor Control Act regulates the sale of liquor and beer on election day. Section 25 of Article 666, Penal Code of Texas, 1925, provides in part:

"It shall be unlawful for any person to sell or deliver any liquor:

"(a) . . .

"(b)   On any general primary or general election day between the hours of seven o'clock a.m. and eight o'clock p.m. . . ."

Section 10b of Article 667, Penal Code of Texas, 1925, provides:

"It shall be unlawful for any person to make any sale of beer anywhere in this state on the day of any general primary election or general election held in this state between the hours of seven a.m. and eight p.m. on the day . . ."

Since both of these provisions prohibiting the sale of liquor or beer on election days refer specifically to "general" elections, it is our opinion that neither of them apply to the forthcoming election for United States Senator since the Legislature has expressly declared it to be a "special" election.

We believe that the case cited in your letter, Estes v. State, 48 Arizona 21, 58 Pacific (2) 753, is persuasive of the conclusion we have reached herein.  In that case, the Supreme Court of Arizona held that an election to fill the vacancy occuring in the office of State Representative to the United States Congress was a "special election" to the extent that it was not "a regular general election" within the meaning of the Constitutional provision providing for the submission of referendum questions to the voters.

We likewise concur in the suggestion made in your letter that an election might be "general" in one sense, and "special" in another sense, or as applied to a different statute.  Consequently, we are limiting this opinion to the precise questions asked by you, i.e., relating to Article 2938, Revised Civil Statutes, 1925, and Section 25 of Article 666 and Section 10b of Article 667, Penal Code of Texas.

APPROVED MAY 21, 1941                    Yours very truly
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL         ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE               By /s/ Walter R. Koch
BY        RLK, CHAIRMAN                    Walter R. Koch, Assistant

WK:mp:wb