

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

April 29, 1948

Hon. John Atchison
County Attorney
Cooke County
Gainesville, Texas

Opinion No. V-560

Re: Compensation of elec-
tion judges and clerks
in primary elections.

Dear Sir:

You have requested this office to advise you whether the compensation of election judges and clerks in primary elections is governed by the provisions of Article 2943, V. C. S., which reads as follows:

"Judges and clerks of general and special elections shall be paid Five Dollars ($5.00) a day each, and Fifty Cents (50¢) per hour each for any time in excess of a day's work as herein defined. The judge who delivers the returns of election immediately after the votes have been counted shall be paid Two Dollars ($2.00) for that service; provided, also, he shall make returns of all election supplies not used when he makes return of the election. Ten (10) working hours shall be considered a day within the meaning of this Article. The compensation of judges and clerks of general and special elections shall be paid by the County Treasurer of the county where such services are rendered upon order of the Commissioners."

Title 50 entitled "Elections" contains Articles 2923 through 3173 inclusive. Chapter 13 of Title 50 entitled "Nominations" pertains to primary elections and contains Articles 3100 through 3167 inclusive. We quote the following statutory provisions applicable to primary elections pertinent to your inquiry:

Article 3104, V. C. S., reads as follows:

"All the precinct primary elections

of a party shall be conducted by a presiding judge, to be appointed by a chairman of the county executive committee of the party, with the assistance and approval of at least a majority of the members of the county executive committee.  Such presiding judge shall select an associate judge and two clerks to assist in conducting the election; two supervisors may be chosen by any one-fourth of the party candidates, who, with the judges and clerks, shall take the oath required of such officers in general elections.  Two additional clerks may be appointed, but only when, in the opinion of the presiding judge, there will be more than one hundred votes polled at the primary election in the precinct."

Article 3108, V. C. S., reads as follows:

"At the meeting of the county executive committee provided in Article 3117, the county committee shall also carefully estimate the cost of printing the official ballots, renting polling places where same may be found necessary, providing and distributing all necessary poll books, blank stationery and voting booths required, compensation of election officers and clerks and messengers, to report the result in each precinct to the county chairman, as provided for herein, and all other necessary expenses of holding such primaries in such counties and shall apportion such cost among the various candidates for nomination for county and precinct offices only as herein defined, and offices to be filled by the voters of such county or precinct only (candidates for State offices excepted), in such manner as in their judgment is just and equitable, giving due consideration to the importance and emoluments of each such office for which a nomination is to be made and shall, by resolution, direct the chairman to immediately mail to each person whose name has been requested to be placed on the official ballot a statement of the amount of such

expense so apportioned to him, with
the request that he pay the same to
the county chairman on or before the
Saturday before the fourth Monday in
June thereafter."

In the case of Beene v. Waples, 108 Tex. 140,
187 S.W. 191, it was held that the election officers
of a second senatorial primary election were to be paid
under the provisions of the General Primary Law provid-
ing for the method of defraying the expenses of primary
elections (now Article 3108, V. C. S.) and not under the
provisions of the General Election Law (now Article
2943, V. C. S.)  We quote the following from said case:

"If section 34 should be construed
as meaning that the election officers re-
ferred to therein (by which are meant, we
think, the primary election officers pro-
vided for in said act of 1905) are to be
paid, for their services, out of public
funds, such provision for payment is,
plainly, unconstitutional, as directing
a misuse of public funds.  Waples v.
Marrast, 184 S.W. 180, recently decided
by this court.

"But if section 34 is to be constru-
ed and held to mean that such election
officers are to be paid out of funds pro-
vided by reasonable assessments against
candidates for party nominations, in all
respects as set forth in and provided by
said act of 1905 in its relation to the
primary election officers referred to
therein, there exists no conflict what-
ever between said section 34 and any
other provision of that Constitution or
of the Constitution of the United States,
and in that event section 34 will stand
as a valid expression of legislative will
and authority.

"We here adopt, as sound, said latter
construction of said section 34, and affirm
its constitutionality.

"It will be noted that the above quot-
ed section 34 of the Senatorial Primary Law

does not provide that the expense of hold-
ing senatorial primary elections shall be
paid out of public funds.  Instead of con-
taining any such declaration, it says that
that expense shall be paid 'as provided by
law for holding elections in other cases.'
As provided by what law?  This means neces-
sarily, we think, the General Primary Law.
The section (section 34), and the act of
1913, of which it is a part, do not deal
with general elections.  They deal with on-
ly primary elections for a particular pur-
pose - the nomination of candidates for
United States Senator. There could be no
reasonable warrant, therefore, for looking
to the General Election Law as the law in-
tended by the reference in said section 34
in its relation to the payment of expenses
of senatorial primaries, since the Gener-
al Election Law is not a law upon the same
subject. As a matter of reason, if there
be a general law upon the same general
subject, that is the law to be looked to
as, necessarily, the law which the Legis-
lature, in framing section 34, intended
shall govern the matter.

"We have the General Primary Law with
its distinct provision for the method of
defraying the expenses of primary elections,
and resort should accordingly, be made to
that law as the law on the subject intend-
ed by the reference in section 34.  The
provisions of the General Primary Law (the
act of 1905) is for the payment of such ex-
penses, not out of public funds, but by as-
sessment against state, district, county,
and precinct candidates." (Emphasis ours)

You are, therefore, advised that the compensa-
tion of election judges and clerks in primary elections
is not governed by the provisions of Article 2943, V. C.
S., applicable to general and special elections, but said
expense is to be paid in accordance with the provisions
of Article 3108 setting forth the method of defraying the
expenses of a primary election.

## SUMMARY

Election judges and clerks in primary elections cannot be paid for their services under the provisions of Article 2943 V. C. S., applicable to general and special elections, but they must be paid in accordance with the provisions of Article 3108 V. C. S., providing for the method of defraying expenses in primary elections.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *John Reeves*

John Reeves
Assistant

JR:mw

APPROVED:

*Hagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL