### Jinks McGhee v. Joseph Romatka.

No. 655. Decided April 22, 1898.

I. Res Adjudicata—What Determined.

A judgment unreversed, though wrong, binds the parties thereto in a subsequent action as to the matter decided, but not, it seems, as to the inferences to be drawn from the view of the law on which the decision proceeded. (Pp. 40-44.)

2. Same.

J. M., a minor, was sued and cited, and appeared, and judgment was had against him, under the name of A. M., in favor of R., quieting the latter's title to a tract of university land claimed by him under a deed from the mother of J. M. The parents of J. M. had settled on the land and partly paid the State for it when the father died. R., as purchaser under the surviving wife, completed payment, and after the judgment obtained patent. J. M., on coming of age, brought proceedings to set aside the judgment quieting the title, against R., who in this latter action had

judgment on demurrer upon the ground that J. M., being a stranger to the judg-
ment, could not sue to set it aside. J. M. then sued R. for a community interest in
the land. Held, that plaintiff was concluded by the previous judgments, being
bound by the decree quieting title, though sued by a wrong name, and the judgment
upon the subsequent proceedings being conclusive against his right to set aside such
decree, but not as an adjudication that such decree did not bind him. (Pp. 40-44.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Third
District, in an appeal from McLennan County.

*Scarborough & Scarborough,* for appellant.—The court will observe
that the question says "judgments," evidently meaning the one rendered
in 1890 and the one rendered July 10, 1896.

What was adjudicated in the judgment of July 10, 1896? Jinks Mc-
Ghee, concealing nothing, moves to set the judgment of 1890 aside. He
says, "My name is Jinks McGhee; never was anything else, but I am the
only child of Alpheus and M. A. McGhee, and the party intended to be
sued in cause No. 5249." He then sets out reasons why said judgment
should be vacated. Plaintiff in that judgment, Romatka, admits the
truth of his statement by exception, and urges the fact that he is a
stranger to the judgment, and upon the pleadings the court adjudicates
that "Jinks McGhee is a stranger to the suit and can not be heard to set
the judgment aside."

Here was an issue presented and by final judgment adjudicated. What
was the issue? That Jinks McGhee was a stranger to that suit. At
whose instance was that adjudication had? Romatka's. Is he satisfied
with the judgment? He does not appeal from it. Was the judgment cor-
rect? The Court of Civil Appeals which certified this question says:
"It appears that the rights of the mover or petitioner are in no manner
affected by the judgment sought to be vacated; that he is not the per-
son sued, nor the person against whom the judgment was rendered, and
consequently can not be heard to set it aside nor annul it." And yet the
question contains this legal paradox: We have adjudged this man a
stranger to that suit, not the person sued, not the man against whom the
judgment was rendered, with no right to have it set aside; yet we ask
this court to determine whether under these facts he is bound by the
judgment. With all deference to the court certifying the question, we
fail to see the necessity of requiring this court to answer a question that
they have decided and their judgment undisturbed.

A discussion of the doctrine of res adjudicata as applied to the judg-
ment of July 10, 1896, would be but to repeat legal maxims and deci-
sions in this and all courts, "that no one is bound by a judgment to
which he is a stranger." The fact that Jinks McGhee is a stranger to the
suit in which judgment was rendered and sought to be introduced against
him, having been adjudicated, there can be but one answer—that he is
not bound by the decree.

This is the first time Jinks McGhee has been confronted with this
judgment against Alpheus McGhee, and he, by pleading and proof, makes

direct attack on it in the same court that rendered both the other judgments, and with Romatka, the only party at interest, before the court. Beyond any question the judgment of 1890 against Alpheus McGhee was voidable if not void as to Jinks McGhee, and the attack should have been permitted and sustained. The logic of the situation is: Romatka says to McGhee, you can not interfere with the judgment against Alpheus McGhee of 1890, because you are a stranger to it. Yet, in the trial of the title I hold you bound by it, because you were the party I was trying to sue.

In the judgment of 1890, the interest of Jinks McGhee is by guardian ad litem (for Alpheus McGhee) betrayed (ignorantly, we think), and his case admitted away, and the court by this action misled into an erroneous judgment; his property lost to him; his hands are tied; he can not interfere because he is a "stranger," and yet, his rights are adjudicated in dealing with the interests of minors as wards of the court. Strange application of the principles of law and equity.

In the judgment of counsel but one answer can be returned: Jinks McGhee is not bound by the judgment of 1890, but Romatka is bound by the judgment of 1896, adjudging Jinks McGhee a stranger to the first judgment.

*Richard I. Munroe,* for appellee.—Appellant had no right to attempt to set aside the judgment rendered against him in cause No. 5249 by a bill of review; his remedy was by appeal or writ of error. Talbert v. Barbour, 40 S. W. Rep., 187.

Jinks McGhee and Alpheus McGhee are one and the same person, he being the only son and heir of Alpheus McGhee, Sr., and M. A. McGhee, who afterwards married F. T. Wood, and he is bound by the judgment which was rendered against him in cause No. 5249, having been duly served with citation and certified copy of plaintiff's petition; and he was represented in said case not only by a guardian ad litem duly appointed by the court, who filed an answer for him, but Pearre & Boynton also filed an answer for him, since it is the person and not the name who is sued. Insurance Co. v. French, 18 How., 404; 1 Black on Judg., secs. 154, 213; 84 Am. Dec., 51.

DENMAN, ASSOCIATE JUSTICE.—The Court of Civil Appeals have certified to this court the following explanatory statement and question:

"On August 24, 1875, Alpheus McGhee made application in accordance with the Act of the Legislature, approved April 8, 1874, in regard to the sale of University land, to purchase the land in dispute, eighty acres of University land in McLennan County, at $2 per acre; a total of $160, paying $16 cash, and executing his obligation to pay the remainder with 10 per cent interest per annum, in ten equal annual installments. On January 24, 1876, and February 23, 1877, he made two other payments, amounting to $32 on the principal and $17.88 on the interest.

"Alpheus McGhee died in 1876 or 1877, leaving surviving him his wife, M. A. McGhee, and one child, the plaintiff in this suit, the appellant, by name Jinks McGhee, the only child of himself and wife, M. A. McGhee.

"After the death of Alpheus McGhee, his widow M. A. married F. T. Wood, and Wood and the vendees of himself and wife made all the rest of the payments due the State for the land. September 17, 1879, F. T. Wood and M. A. Wood, husband and wife, conveyed the land by general warranty deed to C. E. Kingsbury, and on November 4, 1879, Kingsbury conveyed the land by special warranty to defendant below, appellee here, who went into possession thereof and has since continuously occupied the same.

"After he, Romatka, had paid in full all the purchase money due the State on the land, on February 15, 1890, he brought suit in the court below in cause No. 5249, to clear his title to the land, against the plaintiff in this cause, but by the name of Alpheus McGhee, describing him as a minor, son of Alpheus McGhee, Sr., and M. A. McGhee, who had after the death of Alpheus McGhee, Sr., intermarried with F. T. Wood, alleging his title as above stated. Citation issued in the cause No. 5249, and, together with certified copy of the petition in that suit, it was served upon the plaintiff in this suit, in Taylor County, Texas, who at that time was about 16 years of age, and he thereupon requested one Reed, who lived near the land in McLennan County, to look after the matter for him, and pursuant thereto, Reed procured counsel to represent the minor in the suit, who on October 10, 1890, filed an answer therein in the name of Alpheus McGhee, as sued.

"At the October term, 1890, the court appointed one T. C. Smith, Esq., an attorney of the court, guardian ad litem to represent the minor in the cause No. 5249, and he thereafter appeared and answered as such guardian ad litem, all the proceedings being as against defendant in the name of Alpheus McGhee. December 4, 1890, the cause was tried and final judgment rendered in favor of the plaintiff Romatka for the land sued for in the present suit, as follows:

" 'Joseph Romatka v. Alpheus McGhee.—Thos. C. Smith, guardian ad litem for defendant.  December 4, 1890.

" 'This day came the parties by their attorneys, defendant represented by guardian ad litem T. C. Smith, Esq., heretofore appointed to represent him, and a jury being waived, submit all matters in controversy, as well of fact as of law to the court. All demurrers having been first overruled, and evidence and argument of counsel having been heard and fully understood, it is considered and decreed by the court that Alpheus McGhee, Sr., is dead; that he left surviving him his widow, M. A. McGhee, who afterwards married F. T. Wood, and this defendant, as their son and only child, as his sole surviving heir; that said M. A. Wood and her husband sold the land herein described to C. E. Kingsbury, who sold it to Joseph Romatka, with the greater part of the purchase money

of said land unpaid and owing to the State of Texas, and that said M. A. Wood, joined by her husband, filed right to sell said land in liquidation of the community debt existing, as aforesaid, against the same, and that plaintiff recover of the defendant the premises described and bounded as follows.' Then follows a description of the eighty acres of land, and the judgment proceeds: 'And that all title be divested out of said defendant, and invested to plaintiff to said land, and that execution issue in favor of the officers of the court against plaintiff for all costs of the court, including a fee of $25 allowed such guardian ad litem.'

"On the 23d of July, 1891, a patent was issued by the State to Joseph Romatka, assignee of Alpheus McGhee, for the land, he paying the patent fees.

"April 23, 1896, the attorney for Jinks McGhee, not knowing that his name was Jinks, but supposing it was Alpheus, after said Jinks McGhee had reached his majority, filed a motion in cause No. 5249 against Joseph Romatka, to have the judgment of December 4, 1890, vacated. That petition was amended July 10, 1896, in the name of Jinks McGhee, setting up the same grounds for vacating the judgment as in the original petition, and showing his name to be Jinks McGhee; that there was no such person as Alpheus McGhee, son and heir of Alpheus McGhee, Sr., deceased. That proceeding was answered by Joseph Romatka, and the court sustained his exceptions to the suit to vacate the former judgment upon the ground as stated in the ruling, that 'the court being of the opinion that Jinks McGhee being a stranger to said judgment, should not interfere therein.'

"The attorney that filed the suit to vacate the judgment at the time of filing the suit was not advised that 'Jinks' was the name of his client, but that the minor heir of Alpheus McGhee desired the judgment vacated. Hence he made the application to set the judgment aside in the name of the original defendant, Alpheus McGhee. He afterwards learned the facts, that there was no Alpheus McGhee, but that Jinks McGhee was the heir, and he amended his suit accordingly; the court holding, as stated, on exceptions, that he was a stranger to the suit, and could not interfere in setting the judgment aside. There was in fact no such person as Alpheus McGhee, sued originally as the heir of Alpheus McGhee, Sr., deceased, son of the senior McGhee and his wife M. A. McGhee. The plaintiff in this suit, Jinks McGhee, was that son and heir, and was never known or called Alpheus McGhee. He was, however, the very person upon whom the citation with copy of petition in the original suit of Romatka v. Alpheus McGhee was served, and Reed for him secured the services of Pearre & Boynton, attorneys, to file answer for him, which they did, but had no further connection with the suit. The guardian ad litem was appointed in the original suit for the defendant therein, Alpheus McGhee, and not for Jinks McGhee.

"The suit was filed by Jinks McGhee for an undivided half of the eighty acres of land recovered by Romatka in the original suit against

Alpheus McGhee, described in the petition as the minor son of Alpheus McGhee, who applied for the purchase of the land, and who paid a part of the purchase price thereof.

"The case was tried by the court without a jury, and judgment was rendered for defendant Romatka for the land, etc., upon the ground that the judgment of the court of December 4, 1890, in cause No. 5249, was not void as to Jinks McGhee, the plaintiff herein, and was not subject to collateral attack; that the suit brought by plaintiff in April, 1896, to have the judgment set aside and vacated was a direct attack upon the first judgment in the cause No. 5249, and that the judgment of July 10, 1896, upon the demurrer, was a final adjudication against plaintiff of his right to have the judgment set aside, which not having been reversed is final between the parties in this suit. Wherefore, the court concluded that the matters now in suit are res adjudicata, and judgment was accordingly rendered for the defendant Romatka for the land.

"Now the Court of Civil Appeals of the Third Supreme Judicial District of the State of Texas, by its Chief Justice, hereby certifies the following question arising in the case now on appeal to this court, to wit:

"Under the facts stated, were the judgments in the original suit No. 5249 res adjudicata as to the parties to this suit, and the matters now in dispute and binding upon the present plaintiff, and authorizing judgment against him in this suit, the court having decided, in the suit to vacate the original judgment, that Jinks McGhee was a stranger to that suit and had no right to set the judgment aside?"

The judgment of December 4, 1890, was not void as to but was binding upon Jinks McGhee unless and until set aside in some direct attack thereon, the fact that he was sued by the wrong name "being available only by plea in abatement" in that suit. Insurance Co. v. French, 18 How., 404; Parry v. Woodson, 84 Am. Dec., 51 (33 Mo., 347), and the fact that the guardian ad litem was appointed for *Alpheus* McGhee being at most an irregularity not affecting the *power* of the court to render the judgment, since it would have had such *power* if no appointment had been made. Martin v. Weyman, 26 Texas, 460; Montgomery v. Carlton, 56 Texas, 361; 1 Black on Judg., sec. 193.

The motion filed April 23, 1896, in the name of Alpheus and amended July 10, 1896, in the name of Jinks McGhee was a direct attack upon the judgment. The exception challenged the *right of Jinks McGhee to attack the judgment for any cause,* evidently for the reason that he did not appear upon the face of the record to have been party thereto, and could not be shown to have been such by parol evidence. The court in sustaining such exception necessarily held that Jinks McGhee *could not attack the judgment for any cause,* and therefore had no cause of action. It follows that the ruling was upon the merits of his case. If the court erred in law in so holding he should have had such erroneous decision set aside. Until he does so he is precluded thereby from making this similar attack. Clayton v. Hurt, 88 Texas, 595. Otherwise

there would be no end to the number of attacks he might make if the court continued to sustain similar exceptions.

We answer the question certified in the affirmative.