GILLES et al. v. MINERS' BANK OF CARTERSVILLE, MO. (No. 1217.)*

(Court of Civil Appeals of Texas. Amarillo. Oct. 17, 1917. On Motion for Rehearing, Nov. 7, 1917.)

1. LIMITATION OF ACTIONS ⬦46(12) — CONTRACTS — ASSUMPTION OF VENDOR'S LIEN NOTE—"CONTRACT IN WRITING."

Express assumption in a deed by the grantee of payment of a vendor's lien note given by grantor to his vendor is a contract in writing, limitations against action on which by the holder of the note against such grantee begins to run from the date of such deed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Written Contract.]

On Motion for Rehearing.

2. PARTIES ⬦94(2) — MISNOMER — PLEA IN ABATEMENT.

A misnomer of defendant can be taken advantage of only by plea in abatement.

3. APPEAL AND ERROR ⬦187(1)—OBJECTION BELOW—MISNOMER.

Misnomer of defendant cannot be urged for the first time on appeal.

4. JUDGMENT ⬦252(5) — PLEADING TO SUSTAIN—PRAYER.

The facts pleaded, sustained by the evidence, warranting personal judgment against defendant, it may be had under a prayer not specifically asking therefor, but for such other and further relief as in law or in equity plaintiff may show itself entitled to.

Appeal from District Court, Deaf Smith County; Jno. W. Veale, Special Judge.

Action by the Miners' Bank of Cartersville, Missouri, against A. S. Gilles and others.

Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 184 S. W. 284.

On the 27th day of May, 1907, W. G. Bryant and wife conveyed certain lands in Deaf Smith county to P. L. Vasse, by general warranty deed. As part payment for said land Vasse executed and delivered to Bryant a certain promissory note in the sum of $4,500, due on or before two years from date, providing for 8 per cent. interest and 10 per cent. attorney's fees. The vendor's lien was expressly retained in the deed to secure the payment of the said note. Before maturity thereof Bryant, for a valuable consideration, in due course of trade, transferred the note to the appellee bank. On February 15, 1912, Vasse and wife, by general warranty deed, conveyed the said land to appellant Gilles. As part of the consideration for said conveyance Gilles assumed payment of the above-described note, which assumption was recited in the deed to secure payment of the said note. On April 10, 1914, appellee bank filed suit against Vasse, Bryant, and Gilles, praying for judgment for principal, interest, and attorney's fees on the note, and for foreclosure of the vendor's lien on the land against all of the parties. The original petition was amended November 27, 1914, for the purpose of correcting some errors in the description of the lands. On November 6, 1916, plaintiff filed a second amended original petition upon which the suit was tried. Eliza Blackburn and her guardian, to whom Gilles had executed a mortgage upon the lands described in the petition on November 1, 1912, were made parties. The original and both amended petitions prayed for personal judgment against Gilles, and for foreclosure of the vendor's lein against all parties. November 16, 1916, Gilles and the parties to whom he mortgaged the lands answered, pleading the statute of limitations against the note described above.

W. H. Russell, of Hereford, for appellants. Gilliland & Estes, of Hereford, for appellee.

HALL, J. (after stating the facts as above). [1] Upon the above statement of facts, which we think are the material facts in the case, the judgment should be affirmed. The case is presented upon several assignments of error, many of which we think have no application to the case as made by the pleadings and evidence. It is not necessary for us to discuss articles 5694–5695, R. S., nor the conflict in some of the decisions construing such articles, as they do not apply. Under the Act of 1905, p. 334, Sayles' Civil Statutes, Supplement of 1904–1906, art. 3353, the original note executed by Vasse was not barred at the time Gilles purchased the land and assumed its payment. Having accepted a deed in which it is recited that he assumed payment of the said note as part of the consideration

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Second petition for rehearing denied November 14, 1917.

for the conveyance limitation did not begin to run against the plaintiff's right to recover a judgment against him upon such undertaking until after the expiration of four years from the date of his deed. The rule governing the the liability of the said vendee in such case was declared by Brewer, Justice, in Schmucker v. Sibert, 18 Kan. 104, 26 Am. Rep. 765, in the following language:

"Such an undertaking is a contract in writing, and the statute of limitations does not begin to run upon such a contract until the execution of the deed. Nor is it material that this contract is not signed by the grantee. The acceptance of the deed makes it a contract in writing binding upon the grantee, just as the acceptance by a lessee of a lease in writing signed by only the lessor makes it a written contract binding upon such lessee; and suit can be instituted upon it, and the same rights maintained, as though it were also signed by the grantee. And it is not to be considered as a mere promise or acknowledgment, as named in the exceptions to the statute of limitations, and therefore to be signed by the party to be charged. Those exceptions apply to debts already existing against the parties sought to be held, and aim to continue in force prior liabilities. But the grantee in such a deed was not liable before its execution. His liability dates from that. That is the first contract he has made; the first obligation he has assumed. At that time, therefore, as to him, the statute first commences to run. Nor is he discharged by the fact that the debt as to the original debtor has since his promise become barred by the statutes of limitations, for his contract is an original absolute promise to pay the debt and not a mere contract of indemnity, and to save the original debtor harmless. The creditor may ignore the original debtor entirely, and proceed directly and solely upon this promise. The grantee is not simply a surety. His promise is not to see that the original debtor pays or to pay if he does not, but it is a direct, absolute, and unconditional promise to pay the debt to the creditor. Even where there has been only a guaranty of payment, it has been decided that the statute did not commence to run as to the guarantor until the date of his guaranty. * * * Upon the same principle, and by the same reasoning, it would seem to be clear, that, where the deed specifies that it is subject to a certain mortgage, an acceptance of a deed is an undertaking that to the extent at least of the value of the granted premises, the grantee shall pay the mortgage. Or, in other words, it is an agreement by the grantee that the granted premises shall be used so far as may be necessary to discharge and pay the mortgage and as in the case last suggested, and for the reasons there given, the statute begins to run only from the execution of the deed." Hendricks v. Brooks, 80 Kan. 1, 101 Pac. 622, 133 Am. St. Rep. 186; 2 Jones on Mortgages (7th Ed.) § 1201.

Vernon's Sayles' Civil Statutes, art. 5688, provides that there shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: (1) Actions for debt, where the indebtedness is evidenced by or founded upon any contract in writing. The right to recover against Gilles is governed by that article of the statutes.

Eliza Blackburn and her guardian were made parties and, having failed to exercise the right to redeem, are barred by the judgment. The judgment of the court below is in all things affirmed.

### On Motion for Rehearing.

[2, 3] Appellant now insists that we erred in stating in the original opinion that the suit was against Vasse, Bryant, and Gilles, and for the first time, in the motion, insists that because the suit was originally filed against Albert C. Gilles, that Gilles' initials are A. S., and he was not properly named until the filing of a second amended petition, November 6, 1916, he was not a party to the suit until the filing of said last-named pleading, and therefore the statute of limitation bars the action as to him. This matter has not been mentioned until the filing of the motion for rehearing. It was announced at an early date in this state that middle initials were never taken notice of under the common-law practice. Whether or not that rule obtains now is a matter of no concern, since a misnomer can be taken advantage of only by plea in abatement. McGhee v. Romatka, 19 Tex. Civ. App. 397, 47 S. W. 291; Id., 93 Tex. 689. In the preliminary statement of the nature and result of the suit, as set out in the original opinion, we adopted the substance of such statement as it appears in appellant's brief. As we understand the authorities it is too late to urge the matter of misnomer in this court. It appears from the entire record that A. S. Gilles, against whom the personal judgment was rendered, is the party who purchased the land involved in this controversy, and who assumed the payment of the note in question.

[4] It is further asserted in the motion that a judgment against A. S. Gilles personally is not warranted by the prayer of plaintiff's pleadings. The amended petition sets up the fact that as part consideration for the conveyance of the land to him, Gilles assumed payment of the note, and while there is no specific prayer against Gilles for a personal judgment appellee prays "for such other and further relief, both general and special, as in law or in equity it may show itself entitled to." The evidence having sustained the allegation showing Gilles' liability, appellant's contention must be overruled. Crews & Williams v. Gullett Gin Co., 189 S. W. 793; Groesbeck v. Wiest, 157 S. W. 258.

We have again reviewed the authorities upon the principal contention of appellant and are inclined to adhere to our former holding.

The motion is in all things overruled.