## WIESER v. THOMPSON GROCERY CO.
### (No. 687.)

Court of Civil Appeals of Texas.   Waco.
June 21, 1928.

1. **Judgment** ⊛675(1)—**Defendant, who appeared, answered, and made defense to complaint, suing him by wrong name, held bound by judgment.**

Where defendant was sued under a trade-name, and had actual notice thereof, and appeared, answered, and made a defense, *held*, that he was bound by judgment, though he was sued by wrong name.

2. **Parties** ⊛94(2)—**Where defendant answered complaint, issue of misnomer therein could only be raised by plea in abatement (Rev. St. 1925, art. 5924).**

Where defendant was sued by his trade-name, and answered the complaint, issue of misnomer could only be raised by plea in abatement (Rev. St. 1925, art. 5924).

3. **Judgment** ⊛262—**Defendant could not arrest judgment by showing he had been sued by wrong name, where he answered.**

Where defendant, though sued by wrong name, answered complaint, knew judgment had been rendered against him, and failed to take proper proceedings to set it aside, *held*, that he was bound thereby, and could only set it aside in a direct proceeding by showing a meritorious defense.

4. **Judgment** ⊛244—**Misnomer of defendant does not make judgment void, where real party was served with citation, answered, and had opportunity to defend.**

The misnomer of a defendant in a petition will not make the judgment void, if real party was served with citation, answered, and was given opportunity to defend.

Appeal from Hamilton County Court; P. M. Rice, Judge.

Action by the Thompson Grocery Company against H. M. Wieser. Judgment for plaintiff, and defendant appeals. Affirmed.

Arthur R. Eidson, of Hamilton, for appellant.

Williamson & McDonnell, of Waco, for appellee.

BARCUS, J. This suit was instituted by appellee, Thompson Grocery Company, a corporation, against Hamilton Mill & Elevator Company, a corporation, to recover the value of 60 bags of sugar, containing 100 pounds each, of the alleged total value of $396, which it alleged the defendant had taken from the store operated by J. H. Young and Jim Jones in Hamilton County, Texas. The defendant, Hamilton Mill & Elevator Company, answered with a general demurrer, general denial, and specially alleged that it purchased the sugar in controversy from Young & Jones, and paid value thereof, without any notice that the sugar belonged to the plaintiff. The cause was tried to a jury and submitted on special issues. The jury found that the sugar belonged to Thompson Grocery Company, and that, at the time it was delivered to the Hamilton Mill & Elevator Company, H. M. Wieser knew it belonged to Thompson Grocery Company. The judgment of the trial court recites that the Thompson Grocery Company, a corporation, is plaintiff, and H. M. Wieser, trading under the name of Hamilton Mill & Elevator Company, is defendant, and judgment was rendered. in favor of appellee, Thompson Grocery Company, against H. M. Wieser, trading under the name of Hamilton Mill & Elevator Company, for the value of the sugar.

After the above judgment was rendered, appellant H. M. Wieser and the Hamilton Mill & Elevator Company each filed a motion in arrest of judgment, alleging that the judgment against appellant was void, because not supported by the pleadings, and alleged that there was no such entity as the Hamilton Mill & Elevator Company, a corporation, but that H. M. Wieser traded under the name of Hamilton Mill & Elevator Company. The court overruled the motions in arrest of judgment, and appellant and the Hamilton Mill & Elevator Company each excepted and gave notice of appeal. The Hamilton Mill & Elevator Company filed a motion for a new trial, which was by the court overruled, and it excepted and gave notice of appeal.

[1] Appellant H. M. Wieser individually is the only party who has perfected an appeal to this court. Under three assignments of error he presents, in effect, the same proposition, namely, that the trial court was not authorized to render judgment against him individually, because he was not named in plaintiff's petition as a defendant, and because there were no pleadings authorizing the court to render a judgment against him. There is no statement of facts. Appellant's contention in this case is that, in order for the trial court to have entered a valid judgment against him, appellee's petition should have specifically mentioned his name. This suit was instituted against Hamilton Mill & Elevator Company, a corporation, and service of citation was had by delivering the citation to the appellant H. M. Wieser. The Hamilton Mill & Elevator Company answered, and contested appellee's right to recover for the value of the sugar, and claimed that it had in good faith purchased the same. All of the issues involved in the litigation were submitted to and determined by the jury. Appellant in his motion in arrest of judgment alleges specifically that he was trading and doing business under the name of Hamilton Mill & Elevator Company, and that he was using said name as a trade-name. He was present at the trial, and made the defense to appellee's cause in said trade-

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

name. The policy of our courts is that, where a person has been sued and has actual notice thereof, and has appeared and answered, and made a defense, he is bound by the judgment rendered, although he may have been sued in his wrong name. Duncan v. Smith Bros. Grain Co., 113 Tex. 555, 260 S.' W. 1027; Watson Co. Builders v. Bleeker (Tex. Civ. App.) 269 S. W. 147; Arcola Sugar Mills Co. v. Doherty (Tex. Civ. App.) 254 S. W. 650; Abilene Independent Telephone Co. v. Williams, 111 Tex. 102, 229 S. W. 847; Robinson v. Watkins (Tex. Civ. App.) 271 S. W. 288 (error refused); McCord-Collins Co. v. Prichard, 37 Tex. Civ. App. 418, 84 S. W. 388; Forbes Bros. Teas & Spice Co. v. McDougle, Cameron & Webster (Tex. Civ. App.) 150 S. W. 745; Mecca Fire Ins. Co. v. First State Bank (Tex. Civ. App.) 135 S. W. 1083; Giles v. Miners' Bank (Tex. Civ. App.) 198 S. W. 170.

[2, 3] Where a defendant has been sued by the wrong name, and files an answer, he can raise the issue of misnomer only by a plea in abatement. He cannot answer and defend under a misnomer, and then, after he has been cast in the suit, for the first time raise the issue of misnomer. Our statutes (article 5924) recognize the right of an individual to do business under a trade-name. Appellant does not contend in his motion in arrest of judgment, nor in this court, that he has any defense to appellee's cause of action as asserted against him in his trade-name, Hamilton Mill & Elevator Company, that he did not present under said trade-name. He does not claim that he has a meritorious defense to appellee's cause of action. Our courts have held that, where a party knows that a judgment has been rendered against him, and he fails to take proper proceedings to set the same aside, he is bound, and that, in order to set the judgment aside in a direct proceeding for that purpose, he must show that he has a meritorious defense. Southern Surety Co. v. Texas Oil Clearing House (Tex. Com. App.) 281 S. W. 1045; Brown v. Clippinger, 113 Tex. 364, 256 S. W. 254; Tanton v. State Nat. Bank (Tex. Civ. App.) 277 S. W. 449, In Watson Co. Builders v. Bleeker (Tex. Civ App.) 269 S. W. 147, the court held that, where an individual was sued in his trade-name, it was proper for the trial court to enter a judgment against him in his correct name.

[4] Appellant does not claim that he did not have notice of the pendency of the suit, or that he did not answer, or that he did not make all the defenses that he could have made, if he had been sued in his correct name. The judgment of the trial court recites that appellant was doing business under the trade-name of Hamilton Mill & Elevator Company, under which name he filed answer, and appellant himself, in his motion in arrest of judgment, states that he was doing business under said trade-name. As was said by the

courts in the cases of Arcola Sugar Mills Co. v. Doherty (Tex. Civ. App.) 254 S. W. 650, and Abilene Independent Tel. Co. v. Williams, 111 Tex. 102, 229 S. W. 847, a misnomer of a defendant in a petition, whether as an individual or as a corporation, will not make the judgment void, if the real party was served with citation, and answered, and had an opportunity to defend.

We have examined appellant's assighments of error and same are overruled. The judgment of the trial court is affirmed.