## SCHULZ et al. v. GOULD et al.
### No. 2411.

Court of Civil Appeals of Texas. El Paso.
March 27, 1930.

be wholly unwarranted for this court to set aside the finding of the trial court upon the evidence here presented, and we have no inclination to do so.

This disposes of all questions presented. Affirmed.

Leonard Brown, of San Antonio, for plaintiffs in error.

E. B. Simmons, of San Antonio, for defendants in error.

HIGGINS, J.

This suit was brought by Mrs. Gould, joined pro forma by her husband, against Willie, Alfred, and Louise Schulz, to recover the custody of plaintiff's child, a little girl of tender age.

Mrs. Gould and Willie Schulz had been man and wife, and the girl was born of this union. The father obtained a divorce and was awarded the custody of the child. He surrendered the child to his parents, the other defendants, who had adopted it.

Upon the hearing, all of the defendants appeared and resisted the plaintiff's suit. After hearing the evidence, the court awarded the custody of the child to Mrs. Gould subject to the further orders of the court.

The statement of facts discloses that the correct name of the grandfather is Moritz Schulz instead of Alfred Schulz, as he was named in the petition. This misnomer is a matter which cannot be raised for the first time in this court, but should have been presented to the court below by plea in abatement. Moritz Schulz appeared in person and testified, resisting the suit, and the error in his name is not reversible. McGhee v. Romatka, 19 Tex. Civ. App. 397, 47 S. W. 291; Wieser v. Thompson Grocery Co. (Tex. Civ. App.) 8 S.W.(2d) 1100; Houston & T. C. Ry. Co. v. Weaver (Tex. Civ. App.) 41 S. W. 846; Forbes Bros. T. & S. Co. v. McDougle, Cameron & Webster (Tex. Civ. App.) 150 S. W. 745, and cases there cited.

We have examined with care the evidence adduced upon the hearing, and see no occasion to set aside the finding of the trial court that the best interest of the child will be served by awarding her custody to the mother.

The evidence is sufficient to support the view that the mother is a fit person to rear her child, capable and desirous of doing so. Under such circumstances, a court can scarcely err in awarding the custody of a little girl to its mother. We think it would