## WHITTINGHILL et al. v. OLIVER et al.

### No. 861.

Court of Civil Appeals of Texas. Eastland.

May 1, 1931.

Rehearing Denied May 29, 1931.

R. G. Hughes, of San Angelo, for appellants.

Morrison & Morrison, of Big Spring, for appellees.

HICKMAN, C. J.

This suit was instituted as a direct attack in the nature of a bill of review upon a judgment of the district court of Howard county. A general demurrer to appellants' petition was sustained, and, they declining to amend, the suit was dismissed. Appellants in their brief have epitomized their petition in the following language:

"Generally appellants' petition was in the form of a suit brought to set aside a judgment rendered less than four years ago in the same court, in which suit all of the original parties to the judgment sought to be set aside were joined. The judgment which was attacked was one rendered in Cause No. 1031 on the docket of the District Court of Howard County, Texas, in September, 1926. That suit was filed by R. C. Oliver, as the surviving husband of Rose Oliver, against 'Jewel' and J. C. Whittinghill, to recover the value of the said R. C. Oliver's interest in certain diamonds, which was alleged to be $3115.00. It was alleged that Rose Oliver died February 23, 1926, and said suit was instituted less than four years after her death. Some of the diamonds were alleged to be the separate property of R. C. Oliver; some were alleged to have been the separate property of Rose Oliver; and the others were alleged to be the community property of R. C. Oliver and wife Rose Oliver.

"It was further alleged that J. C. Whittinghill and 'Jewel' Whittinghill, who was the daughter of Rose Oliver, converted all of said

diamonds. The petition further alleged that 'Jewel' Whittinghill and J. C. Whittinghill were residents of Williamson County, Illinois. Attachments were issued in said cause and levied upon certain lands in which 'Jewel' (Alvina) Whittinghill had an interest, which attachment liens were later foreclosed and Alvina Whittinghill's interest was sold.

"Appellants in the instant suit alleged that the judgment rendered in said cause No. 1031, which was by default, and the ancillary foreclosure sales, were irregular, invalid and void and should be set aside for the following reasons:

"(a) The petition in suit No. 1031 was insufficient to justify or authorize the issuance of the writs of attachment which were issued.

"(b) The service of non-resident notices upon defendants was imperfect and not sufficient upon which to base a judgment by default.

"(c) The petition in said cause No. 1031 was subject to a general demurrer, and hence not sufficient to support a judgment by default.

"(d) The judgment in said cause was rendered upon false testimony.

"(e) Defendants in said suit 1031 had legal and sufficient excuse for failing to appear and defend such suit.

"(f) That there was a misnomer of parties in said suit, Alvina Whittinghill being sued as Jewel Whittinghill.

"(g) That said suit 1031 was fraudulently brought for the purpose of wiping out the interest of Alvina Whittinghill in the estate of her mother, Rose Oliver."

The petition does not present a case of an attack upon a judgment void on its face. There is no allegation of a want of service or that the record does not disclose a proper service of notice upon the Whittinghills. The judgment in cause No. 1031, made a part of plaintiffs' pleading, recites: "But the defendants, though duly cited and notified in manner required by law, and for length of time to require that they appear and answer at this term of this court, came not."

■ The controlling question presented is, Does the petition exonerate appellants from inexcusable neglect in failing to answer in the original suit and present their defense thereto, or to move for a new trial at the term at which the judgment was rendered? A petition seeking relief from a judgment of a court of competent jurisdiction, regular on its face, must show by allegations of fact a sufficient equitable excuse for failure to defend or timely seek a new trial. Anderson v. Oldham, 82 Tex. 228, 18 S. W. 557; Republic Supply Co. v. Weaver (Tex. Civ. App.) 235 S. W. 684; First Nat. Bank of Big Spring v. Hartzog (Tex. Civ. App.) 192 S. W. 363; Home Benev. Ass'n v. Boswell (Tex. Civ.

App.) 268 S. W. 979; Allen v. Frank (Tex. Civ. App.) 252 S. W. 347; R. A. Toombs Sash & Door Co. v. Jamison (Tex. Civ. App.) 271 S. W. 253; Schultz v. Burk (Tex. Civ. App.) 227 S. W. 700; Davis v. Cox (Tex. Civ. App.) 4 S.W.(2d) 1008; Wakefield v. Burchers (Tex. Civ. App.) 4 S.W.(2d) 218; Maytag S. W. Co. v. Thornton (Tex. Civ. App.) 20 S.W.(2d) 383; Scott v. McGlothlin (Tex. Civ. App.) 30 S. W.(2d) 511.

The petition alleges irregularities in the service, but there is no allegation that the plaintiffs did not know of the pendency of the suit against them. On the contrary, it is alleged, as the only reason for their failure to appear and answer in the original suit, "that they were at that time in meager circumstances, and were unable to make a trip to Texas to defend such suit, and were not able to employ attorneys to represent them therein." That is not a sufficient allegation of diligence, but, even if it were, the petition as a whole discloses that they were not too poor to defend the suit. They allege the ownership by Mrs. Whittinghill of an interest in the lands and other property belonging to Mrs. Oliver during her lifetime. They also allege that Oliver had in his possession diamonds belonging to Mrs. Whittinghill of the value of more than $3,000. Such disclosures contradict the general allegation that they were too poor to defend the suit. They alleged no facts showing any effort to employ counsel. A decree of a court may not be thus lightly set aside.

■ We cannot sustain the contention that diligence was not required of Mrs. Whittinghill, even though she was laboring under the disability of coverture. The precise question of whether a married woman must exercise diligence to defend a suit brought against her has been more than once determined by our Supreme Court. In the case of Cayce v. Powell, 20 Tex. 767, 73 Am. Dec. 211, this language is used: "It is a consequence of the capacity of the wife to sue and be sued in her own right, in certain cases, that she must be held to the use of the ordinary diligence of other suitors, where she is not specially exempted by law from the use of such diligence."

The question was again clearly presented in the case of Gamel v. City National Bank (Tex. Com. App.) 258 S. W. 1043, and the rule above quoted was reaffirmed.

■ It is claimed that the petition in the original suit was subject to a general demurrer on account of its failure to allege that there was no necessity for an administration upon the estate of Rose Oliver, deceased. The case of Youngs v. Youngs (Tex. Com. App.) 26 S.W.(2d) 191, is relied upon to support this contention. The suit by Oliver in the original case was not alone for property which descended to him as an heir of his deceased

wife, but he was suing as well for his share of the community, and for property alleged to have been his separate estate and converted by appellants. The failure to negative the necessity of an administration on Mrs. Oliver's estate was therefore not fatal to a portion of the cause of action, and a general demurrer, had it been interposed, should not have been sustained.

It is claimed that the attachment should be quashed and the sale thereunder set aside, because the demand upon which the attachment was issued was not liquidated. Assuming, without holding, that an attack could be made on that portion of the judgment, in the absence of a showing of diligence, the contention is without merit. Article 281, R. S. 1925, provides for the issuance of attachments on unliquidated demands against persons upon whom personal service cannot be obtained within this state.

The judgment is not void because appellant Alvina Whittinghill was sued under the name of Jewel Whittinghill. The petition in the original suit, as well as the notices issued thereunder, made it certain that Alvina Whittinghill was the real person sued. Jewel Whittinghill was alleged to be the daughter of Rose Oliver, deceased, and the wife of J. C. Whittinghill. Rose Oliver had but one daughter, and she was the wife of J. C. Whittinghill. Appellants' petition in this suit alleges that "Alvina Whittinghill is the defendant named Jewel Whittinghill in said Cause No. 1031." The question here presented has been expressly decided by our Supreme Court. McGhee v. Romatka, 92 Tex. 38, 45 S. W. 552; Abilene Ind. Tel. & Tel. Co. v. Williams, 111 Tex. 102, 229 S. W. 847.

In the first case cited it was held that a judgment against Alpheus McGhee was binding on Jinks McGhee, where the citation contained sufficient facts to show that Jinks McGhee was the real party intended to be sued. It was there held that such error could be availed of only by a plea in abatement in the original suit. The question was reviewed at length by Justice Greenwood in the case last above cited, and the rule announced in the McGhee Case expressly reaffirmed. Some later authorities to the same effect are Arcola Sugar Mills Co. v. Doherty (Tex. Civ. App.) 254 S. W. 650; Duncan v. Smith Bros., 113 Tex. 555, 260 S. W. 1027; St. Louis, B. & M. Railway Co. v. Dallas, etc., Co. (Tex. Civ. App.) 268 S. W. 769; Wieser v. Thompson Gro. Co. (Tex. Civ. App.) 8 S.W.(2d) 1100; Brockman v. Echols (Tex. Civ. App.) 22 S.W. (2d) 686.

It is our conclusion that the judgment under attack was not void, and that, since the petition affirmatively discloses that the plaintiffs herein exercised no diligence whatever to present their defense to the original suit, or to obtain a new trial thereof, same was subject to a general demurrer.

The judgment of the trial court will therefore be affirmed.