## CONSOLIDATED UNDERWRITERS v. ADAMS.

### No. 2975.

Court of Civil Appeals of Texas. Beaumont.

Aug. 8, 1936.

Rehearing Denied Oct. 7, 1936.

Andrews, Kelley, Kurth & Campbell, of Houston, for appellant.

Synnott & Smith and E. E. Davis, all of Jasper, for appellee.

O'QUINN, Justice.

This case arose under the Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.). The receiver of the Kirby Lumber Company was the employer. Ed Adams, appellee, the employee; and appellant, Consolidated Underwriters, the insurance carrier.

An agreement in the record discloses that appellee, on January 23, 1934, received an injury while in the course of his employment, notice of which was given to his employer and the insurer, appellant, within 30 days of the injury, and that insurer, Consolidated Underwriters, paid various sums of compensation, in all amounting to $63. That on April 7, 1934, appellee filed with the Industrial Accident Board claim for compensation resulting from said injury. That the board, on July 16, 1934, made its award on said claim, and appellee not being satisfied with such award, on July 20, 1934, gave proper notice that he would not abide said award, but would file suit in the proper court to set same aside and to recover compensation, and on July 28, 1934, filed suit in the district court of

Newton county, Tex., the county in which the accident occurred, to set said award aside. The record further discloses that appellee's original petition filed July 28, 1934, named "Consolidated Casualty Underwriters" as defendant, and that one A. D. Robertson was its agent at Beaumont, Tex., upon whom service could be had, and that citation was issued and served accordingly. By leave of the court, Robertson filed an amicus curiæ affidavit in which he stated that he was not an officer of, or agent of, or in any way connected with, "Consolidated Casualty Underwriters," a corporation, or any other type or form of organization known as "Consolidated Casualty Underwriters." This affidavit was filed August 8, 1934. On September 7, 1934, appellee filed his amended original petition in lieu of his original petition, correctly naming appellant as defendant, and had citation issued and served on A. D. Robertson, its alleged agent.

The jurisdiction of the trial court was challenged to hear and determine the case on the ground that the suit was not filed within twenty days after giving notice of appeal as required by section 5 of article 8307, R.S.1925 (as amended by Acts 1931, c. 224, § 1 [Vernon's Ann.Civ.St. art. 8307, § 5]).

The beginning part of appellee's original petition reads: "Comes now Ed Adams, hereinafter called plaintiff, complaining of Consolidated Casualty Underwriters, hereinafter called defendant, and for cause," etc. It alleged that the defendant was a corporation authorized to do business in Texas with one A. D. Robertson its agent at Beaumont, Tex., upon whom service could be had. Citation was issued commanding service on Consolidated Casualty Underwriters by serving same on A. D. Robertson, its agent, and same was so served. By leave of the court, A. D. Robertson filed an amicus curiæ affidavit in which he stated that he was not an officer, or agent of, or in any way connected with, Consolidated Casualty Underwriters, a corporation, or any other type or form of organization known as the Consolidated Casualty Underwriters. This affidavit was filed August 8, 1934.

On September 7, 1934, appellee filed his "Amended Original Petition," which begins: "Comes now Ed Adams, plaintiff in the above entitled and numbered cause, and permission having been first had, files this Amended Original Petition in lieu of his original petition filed herein on the 28th day of July, 1934, and would allege and show this Honorable Court," and then followed allegations that by mistake the defendant in the original petition had been named as "Consolidated Casualty Underwriters" when in fact it should have been "Consolidated Underwriters"; that the word "Casualty" was inadvertently inserted, and pleaded the manner and reason why such mistake or misnomer in defendant's corporate name was brought about, the reason being that the Industrial Accident Board in its letter to the attorney for appellee inclosing copy of award made reference to appellant, the insurer, as "Consolidated Casualty Underwriters," and that in preparing appellee's original petition on appeal he copied therein the appellant's corporate name as set out in said letter from the board, as "Consolidated Casualty Underwriters," thinking same to be correct, hence the mistake or misnomer. In this amended original petition the grounds alleged for recovery were as in the original petition, and citation and service on A. D. Robertson, as agent of Consolidated Underwriters, was prayed as before. Citation on the amended original petition was duly issued and served on Robertson as agent of appellant.

On said date, September 7, 1934, appellant duly filed its plea in abatement asking that the suit be abated on the ground that the suit was not brought against it within the time prescribed by the Workmen's Compensation Law of Texas, in that appellant as defendant was not brought into the case until long after the time for filing suit against it had elapsed under the provisions of said compensation law, the date of the award from which the appeal was taken being July 16, 1934, and the instant suit against appellant not having been filed until September 7, 1934. Subject to its plea in abatement, appellant answered by general demurrer and general denial.

Appellant's plea in abatement, general demurrer, and motion for judgment of dismissal .(all urged on lack of jurisdiction in the court to hear and determine the case) were in turn overruled. The case was then tried to a jury on special issues upon the answers to which judgment was rendered in favor of appellee. We have the case for review.

The only assignment of error presented challenges the jurisdiction of the court to

hear and determine the case. This contention is based upon the facts above set out. Appellant insists that as the notice that appellee would not abide the award of the board was given on July 20, 1934, and it was not brought into the suit to set aside said award until September 7, 1934, 49 days after the notice of appeal, the suit was barred by section 5 of article 8307, R.S.1925 (as amended by Acts 1931, c. 224, § 1 [Vernon's Ann.Civ.St. art. 8307, § 5]) and the court erred in not sustaining its plea in abatement and in not dismissing the suit. Appellee says that he duly filed his suit to set aside the award for in that he gave notice of appeal from the award of the board on July 20, 1934, and filed his suit on July 28, 1934. That the naming as defendant "Consolidated Casualty Underwriters" was merely a mistake or misnomer of defendant, and that his amended original petition filed September 7, 1934, in which he correctly named defendant, "Consolidated Underwriters," and had new citation issued and served upon it as such, corrected the misnomer, and related back and took effect as of the date of July 28, 1934, and thus fully complied with the 20 days' requirement of section 5 of article 8307. This is denied by appellant, it urging that it was not legally named in any petition, nor citation, nor service of process in connection with the instant suit, until the filing of the amended original petition filed September 7, 1934, and citation and service on same, which was more than 20 days—49 days— after the giving of notice required by section 5 of article 8307, and so too late to confer jurisdiction on the court.

We think the assignment should be sustained. Section 5 of article 8307 is a statute of limitation. It requires that suit to set aside an award of the Industrial Accident Board must be filed within 20 days after the date of giving notice of appeal from the award. Compliance with the statute is mandatory and jurisdictional. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084. Appellant is a corporation named in its charter "Consolidated Underwriters." That, no more nor no less, is the name by which it was given existence and permitted to do business and to sue and be sued. Article 1971, R.S.1925, provides that a civil suit in the district court shall be commenced by petition filed in the office of the district clerk. Article 2003 provides that the petition shall state the names of the parties. By statutory requirement a suit is not instituted against a party until he is named as defendant in a proper petition filed with the clerk of the court. Appellee's original petition filed July 28, 1934, did not name appellant, but designated "Consolidated Casualty Underwriters," a corporation, as defendant. Appellee, September 7, 1934, filed his amended original petition "in lieu of his original petition filed herein on the 28th day of July, 1934," and therein named as defendant "Consolidated Underwriters," a corporation, and prayed for citation and service on it, which followed. This was in effect the bringing of a new suit, and the running of limitation, under section 5 of article 8307, did not stop until the filing of the amended original petition in which appellant was correctly named, which was more than 20 days after the giving of notice of appeal from the award on July 20, 1934. 28 Tex.Jur. § 109, p. 202; Martinez v. Dragna (Tex.Civ.App.) 73 S.W. 425; Bickford v. Refugio Land & Irrigation Co. (Tex.Civ.App.) 143 S.W. 1188; Southern Pacific Co. v. Block Bros., 84 Tex. 21, 19 S.W. 300.

Appellee cites us to numerous decisions relative to amending pleadings, and argues that when he filed his amended petition on September 7, 1934, more than 20 days after giving notice of appeal from the award of the Industrial Accident Board, correctly naming appellant as defendant, his amendment related back and was effective as of the date of his original petition, July 28, 1934. Without discussing the general rule as to amending petitions, we will say that, as we have already stated, the original petition did not name appellant as defendant, no suit against it was filed until the filing of the amended original petition on September 7, 1934, and so appellee's contention as to the effect of his amended petition is not sound. 28 Tex. Jur., § 109, p. 202. Appellee says "no rule of law is so well grounded into our system than that rule where a petition states a cause of action within the jurisdiction of the court, it is subject to amendment, and the filing of the suit tolls the further running of the statutes of limitation." We have no cavil with this statement of the general rule. However, the amendment here was not to enlarge or better set out the facts asserted as a cause of action, but to assert the same facts— cause of action—against an entirely different party defendant. That being true, we do not believe the general rule stated

by appellee has application. · It is well settled that if a new cause of action, or a new party is brought in by amendment, limitation will continue to run until the time of the filing of the amendment asserting the new cause of action or the bringing in of the new party defendant. The statute of limitation here invoked, section 5 of article 8307, provides that a suit to set aside an award of the Industrial Accident Board, must be filed within 20 days after notice of appeal from the award sought to be set aside. Appellee, in his original petition, not having named appellant as defendant, and citation and service having been had not on appellant, but on a different named corporate defendant, and appellant not having appeared or answered, and then an amended petition having been filed omitting the original defendant, and naming appellant as defendant, and citation and service had on appellant, it was then that the suit against it was filed, and it being more than 20 days after notice of appeal from the award, limitation barred the suit.

Appellee cites us to the case of Abilene Independent Telephone & Telegraph Co. v. Williams, 111 Tex. 102, 229 S.W. 847, as supporting his contention, and controlling here. We think the cited case easily distinguished from the instant case both on the facts and the law. In the cited case Williams sued the Abilene Independent Telephone Company to recover damages and had it cited as such by service on one Gus Klotz as local manager for the stated defendant. Klotz, at the date of the service, was the local manager of the Abilene Independent Telephone & Telegraph Company. At the return term of the court, the attorney for the Abilene Independent Telephone & Telegraph Company expressly declined to appear in its behalf, but as a friend of the court exhibited to the court a charter showing its true name to be "Abilene Independent Telephone & Telegraph Company." After hearing the evidence the court rendered judgment against the Abilene Independent Telephone & Telegraph Company for the plaintiff in the sum of $7,500. It filed suit to restrain the collection of the judgment, and had judgment in the trial court which was reversed and rendered in the Court of Civil Appeals (168 S.W. 402), and this judgment was affirmed by the Supreme Court in the cited decision. It will be noted that in the Williams Case after the amicus curiæ exhibition of the charter of Abilene Independent Telephone & Telegraph Company's charter disclosing the misnomer of the defendant company in the petition, citation, and service, there was no amendment of the petition, but trial and judgment on the original petition and service. Also that no instrument of any nature was filed in the court calling attention to the misnomer and wrongful service. Not so in the instant case. Here when the service was had on the alleged agent of the corporation, said designated agent filed under oath his affidavit that he was not the agent of the named corporation, or of any such organization whatever. When this affidavit was filed in the case, the plaintiff, Ed Adams, filed an amended petition, in lieu of his original petition, and admitted that he had sued a wrongfully designated defendant and then alleged the correct name of the corporation intended to be sued, prayed for and had new citation issued against this new defendant, and same was served on it. When this was done, the appellant here, a newly named defendant, appeared in response to said amended original petition and service and duly filed plea in abatement challenging the jurisdiction of the court to try the case because the suit against it was barred by the 20-day statute of limitation, section 5 of article 8307. There was no answer filed in the Williams Case, no amended petition, no new service, no notice of misnomer or wrongful service as here, but there the intended defendant allowed the case to proceed to judgment, and then sought to restrain same because void. In the instant case the amended petition and the service thereunder brought the correct defendant into court, and it . appeared and contested, as above stated, the jurisdiction of the court to further proceed in the case. The facts in the two cases, as we have attempted to show, are not the same or similar, with the . exception only of the misnomer. The judgment in the Williams Case was not void. There · the misnamed defendant did not timely interpose any objection · to the mistake in its corporate name, and so waived same. Not so here. Here the misnamed corporation under oath timely called attention to the misnomer, and the plaintiff amended his petition, procured new citation and service to avoid the misnomer. The questions of fact and procedure are almost wholly different, and the applicable law is different.

The court erred in overruling appellant's plea in abatement. The judgment is re-

versed, and the cause remanded to the trial court, with instructions to sustain said plea and to dismiss the case.

COMBS, Justice (dissenting).

I cannot assent to the majority opinion in this case. In the final analysis, the majority holding is grounded solely upon the assumption that the filing of plaintiff's original petition wherein the defendant was incorrectly named was not the beginning of a suit against Consolidated Underwriters, the insurance carrier, to set aside the award of the Industrial Accident Board, and, hence, the amended petition in which the insurance carrier was correctly named was the beginning of a suit "against an entirely different party defendant." To my way of thinking, such holding is clearly wrong. It should be borne in mind that the appellant was, in fact, the liability insurance carrier for the Kirby Lumber Company; that claim had been duly made to it and some payments made by it to the appellee for the injury received by him in the course of his employment; that the matter had been submitted to the Industrial Accident Board where, presumably, the appellant appeared and contested the claim; that the Industrial Accident Board had made an award allowing the appellee compensation for partial incapacity only; that notice of dissatisfaction and intention to file suit to set aside the award had been given appellant in the proper time; that the suit in which the insurer was incorrectly named was filed within the 20 days, and that citation, accompanied by certified copy of the petition, was actually served upon the agent of the appellant, the very same agent upon whom the second citation was served. There is no showing, nor any contention, that there is any such concern as "Consolidated Casualty Underwriters." It cannot be questioned that the appellant knew by the service of the original citation upon it that the appellee intended to sue it. Therefore, the plaintiff did not sue the wrong defendant. Instead, he sued the right defendant by the wrong name. The error in name was a mere inadvertent misnomer, which might be corrected by amendment, the same as any other technical error of pleading.

The long-established and well-recognized rule is thus stated by Mr. Freeman in his work on Judgments, vol. 1, § 154, p. 279, and quoted with approval by Justice Greenwood in Abilene Independent Telephone & Telegraph Co. v. Williams, 111 Tex. 102, 229 S.W. 847, 848: "The weight of authority is, that if the writ is served on the party, by a wrong name, intended to be sued, and he fails to appear and plead the misnomer in abatement, and suffers judgment to be obtained, he is concluded, and in all future litigation may be connected with the suit or judgment by proper averments; and when such averments are made and proved, the party intended to be named in the judgment is affected as though he were properly named therein." And the misnomer of a corporation has no different effect than the misnomer of an individual defendant. Abilene Independent Telephone & Telegraph Co. v. Williams, supra; Wieser v. Thompson Grocery Co. (Tex.Civ.App.) 8 S.W.(2d) 1100; Arcola Sugar Mills Co. v. Doherty (Tex. Civ.App.) 254 S.W. 650. The Texas authorities seem to agree that where a defendant is sued by a wrong name but is actually served with citation and thus put on notice that he is the person intended to be sued, the misnomer is a mere matter of abatement on the proper plea, and if he fails to appear and urge the misnomer he is bound by the judgment. In addition to the above-cited authorities, see the following: Anderson v. Zorn, 62 Tex.Civ.App. 547, 131 S.W. 835; McGhee v. Romatka, 92 Tex. 38, 45 S.W. 552; Whittinghill v. Oliver (Tex.Civ.App.) 38 S.W.(2d) 896, 897.

In this case the defendant might have filed a plea in abatement calling attention to the misnomer. Had it done so, upon its being sustained by the trial court the plaintiff might have filed an amended petition correctly naming the defendant, in which case the amended petition would have related back to the time of the filing of the original petition. Jago v. Indemnity Ins. Co. of North America (Com.App., opinion adopted by Supreme Court) 120 Tex. 204, 36 S.W.(2d) 980. See, also, Elmo v. James (Tex.Civ.App.) 282 S.W. 835, where it was held that if a suit is founded on a proper cause of action described with such certainty as to apprise the defendant thereof, an amended petition will relate back to the date of the commencement of the suit. And this is so for the obvious reason that an amended petition wherein a misnomer is corrected is in no sense the beginning of a new suit, but merely the correction of a mistake in the original petition.

It is clearly the right of a defendant to have his name correctly stated in the

pleadings in order that he may enjoy the benefits of any judgment which may be rendered in the case without the necessity of extrinsic proof. But when given proper notice of the suit and afforded opportunity to appear and defend it, he must claim the right by seasonably calling the misnomer to the attention of the court. Otherwise the misnomer is waived, and he is as truly bound by the judgment as he would be if correctly named in the pleading.

Legislative enactments from time to time, and the opinions of our courts, show that our Legislature and our courts have consistently pursued a policy of liberality with respect to allowing the amendment of pleadings so as to avoid the loss of rights by litigants from the mere technicalities arising out of the filing of amended pleadings. See Vernon's Ann.Civ.St. arts. 2001, 5539a, 5539b; see, ,also, Cartwright v. Chabert, 3 Tex. 261, 49 Am.Dec. 742; Miszner v. Siter, 23 Tex. 621; Boren v. Billington, 82 Tex. 137, 18 S.W. 101. In Cartwright v. Chabert, supra, Justice Wheeler observed: "There has been no tendency to unnecessary strictness in practice manifested here, to suggest the necessity of further legislation upon the subject. And were we now to give to our laws, upon this subject, a construction and application more restricted and rigid, and to adopt a practice here more technical, and less liberal, than that which at present prevails in the English and American courts, no one at all familiar with the spirit of our legislation, can doubt that we should fail to carry out, in practice, its true spirit and intention. We should certainly depart from what has hitherto been regarded, by the profession and the courts, as the pervading genius and spirit of our system of remedial justice. We should, indeed, it may be apprehended, do something more than 'hesitate to do right.'"

In this case the jury found, and the finding is so well supported by the evidence that it is not questioned, that the appellee was injured in the course of his employment and that he is totally and permanently disabled. Yet the majority have held, in effect, that because his attorney, in filing the original petition, inadvertently inserted the word "casualty" when naming the Consolidated Underwriters the insurance carrier, he has lost his right to collect all but a small fraction of the disability benefits which the appellant justly owes him. And this, not-

withstanding the insurance company was in no way misled, but in fact appeared in court after its plea in abatement was overruled and contested the case. Its only assignment here is the purely technical one that the appellee lost his right by reason of the misnomer. As I view the authorities, such contention is as devoid of support in law as it is contrary to the principles of justice and natural right.